UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No:

|  |  |
|---|---|
| **FRANK SILCOX,** an individual, and **DRT VENTURES, LLC,** a Florida limited liability company, | : |
| Plaintiffs, | : |
| v. | : |
| **BRUCE RODGERS,** an individual; **CAROL L. GOULD,** an individual; **BUSINESS LAW GROUP, PA,** a Florida corporation; **SEAN GALARIS,** an individual; **ANAND SHAH,** an individual; **JOSEPH BOLDIGA,** an individual; **STELLA T. GALARIS,** an individual; **PRECEDENT HOSPITALITY & PROPERTY MANAGEMENT, LLC,** a Florida limited liability company; **PHP MANAGEMENT SERVICES, LLC,** a Florida limited liability company; **ESPLANADE EQUITY, LLC,** a Florida limited liability company; **SEAN GALARIS RE, INC.,** a Florida corporation; **700 ISLAND WAY CAPITAL VENTURES, LLC,** a Florida limited liability company; **CONVERGENCE 53, CORP.,** a Florida corporation; **BAYVIEW MANAGEMENT SERVICES, INC.,** a Florida corporation; **AYDAVA, LLC,** a Florida limited liability company; **KAZ 1, LLC,** a Florida limited liability company; and **PALM INSURANCE MANAGEMENT, LLC,** a Florida limited liability company, | : |
| Defendants. | : |

**COMPLAINT**

**(1)** VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT,
**(2)** VIOLATION OF THE SECURITIES ACT,
**(3)** CONSTRUCTIVE TRUST AND EQUITABLE ACCOUNTING,
**(4)** BREACH OF FIDUCIARY DUTY

Plaintiffs, FRANK SILCOX and DRT VENTURES, LLC sue Defendants, BRUCE

RODGERS, an individual; CAROL L. GOULD, an individual; BUSINESS LAW GROUP, PA,

a Florida corporation; SEAN GALARIS, an individual; ANAND SHAH, an individual; JOSEPH

BOLDIGA, an individual; STELLA T. GALARIS, an individual; PRECEDENT HOSPITALITY & PROPERTY MANAGEMENT, LLC, a Florida limited liability company; PHP MANAGEMENT SERVICES, LLC, a Florida limited liability company; ESPLANADE EQUITY, LLC, a Florida limited liability company; SEAN GALARIS RE, INC., a Florida corporation; 700 ISLAND WAY CAPITAL VENTURES, LLC, a Florida limited liability company; CONVERGENCE 53, CORP., a Florida corporation; BAYVIEW MANAGEMENT SERVICES, INC., a Florida corporation; AYDAVA, LLC, a Florida limited liability company; KAZ 1, LLC, a Florida limited liability company; and PALM INSURANCE MANAGEMENT, LLC, a Florida limited liability company and state:

I.    **PROCEDURAL REQUIREMENTS**

    A.    **JURISDICTION AND VENUE**

1.    This is an action for damages in excess of one million dollars.

2.    The jurisdiction of this Court lies under 28 U.S.C. §1331 in that this matter presents a federal question.

3.    Allegations within this action are brought under §§12(a)(1) and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§77l(a)(1), 77 l(a)(2) (the "**Securities Act**"), and under §29(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78cc (b) (the "**Exchange Act**"). This Court has jurisdiction over the subject matter of this action pursuant to § 22 of the Securities Act, 15 U.S.C. §77v, §27 of the Exchange Act, 15 U.S.C. §78aa, and under 28 U.S.C. §1367 for all state claims.

4.    Allegations within this action are brought under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1964 ("**RICO**"). This Court has jurisdiction over the subject matter of this action and authority to issue orders to prevent and restrain violations of 18 U.S.C. §1962 pursuant to 18 U.S.C. § 1964(a) and to minimize damages to Plaintiffs.

5.      This Court has supplemental jurisdiction under 28 U.S.C. §1367(a).

6.      In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails, and interstate telephone communications.

7.      Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the majority of events that give rise to this complaint occurred in the Middle District of Florida, Tampa Division.

### B.      PARTIES

8.      Plaintiff, FRANK SILCOX ("**Silcox**") is a citizen of the United States who, at all pertinent times, was a citizen of and is domiciled in the state of Florida.

9.      Plaintiff, DRT VENTURES, LLC ("**DRT**") is a Florida limited liability company. When DRT was formed, Silcox and Rodgers each owned 50% and Silcox was the Manager. Any attempted transfer of Silcox's interest in DRT or removal of Silcox as Manager was without legal authority and void as a matter of law.  At all times relevant hereto, DRT was the 100% owner of Precedent and any attempted transfer of DRT's interest in Precedent (as defined below) or removal of Silcox as Manager was without legal authority and void as a matter of law.

10.      Defendant, BRUCE RODGERS ("**Rodgers**") is a licensed attorney admitted to the Florida Bar and is a citizen of the United States who, at all pertinent times was a citizen of and is domiciled in the state of Florida.  Upon information and belief, Rodgers: (a) owed Silcox a fiduciary duty as his business partner; (b) owed Silcox a fiduciary duty as his attorney; (c) unlawfully depleted assets of DRT; (d) improperly and without legal authority conspired to transfer Silcox's interest in Precedent (owned through DRT) to Galaris; (e) improperly and without legal authority conspired to remove Silcox as Manager of DRT and Precedent; (f)

directly or indirectly participated in the Precedent Enterprise (as defined below) conspiracy; and (g) directly or indirectly committed numerous and repeated violations of U.S. securities laws.

11.     Defendant, CAROL L. GOULD ("**Gould**") is a citizen of the United States who, at all pertinent times, was a citizen of and is domiciled in the state of Florida. Upon information and belief, Gould: (a) owed Silcox a fiduciary duty as his business partner; (b) unlawfully depleted assets of DRT; (c) improperly and without legal authority conspired to transfer Silcox's interest in Precedent (owned through DRT) to Galaris; (d) improperly and without legal authority conspired to replace Silcox as Manager of DRT and Precedent; (e) directly or indirectly participated in the Precedent Enterpise conspiracy; and (f) directly or indirectly committed numerous and repeated violations of U.S. securities laws.

12.     Defendant, BUSINESS LAW GROUP, PA ("**BLG**") is a Florida corporation. BLG is a law firm that represented DRT and its members. Upon information and belief, BLG: (a) is still owned, in part, by Rodgers despite public filings to the contrary; (b) owed Silcox a fiduciary duty as his legal counsel; (c) improperly and without legal authority conspired to transfer Silcox's interest in Precedent (owned through DRT) to Galaris; (d) improperly and without legal authority conspired to remove Silcox as Manager of DRT and Precedent; (e) directly or indirectly participated in the Precedent Enterpise conspiracy; and (f) directly or indirectly committed numerous and repeated violations of securities law.

13.     Defendant, SEAN GALARIS ("**Galaris**") is a citizen of the United States who, at all pertinent times was a citizen of and is domiciled in the state of Florida.  Galaris purportedly has an ownership interest in Precedent. Upon information and belief, Galaris: (a) improperly and without legal authority conspired to deprive Silcox of his  interest in Precedent (owned through DRT); (b) improperly and without legal authority conspired to remove Silcox as Manager of Precedent; (c) was the primary wrongdoer in the Precedent Enterpise conspiracy; and (d) directly

committed numerous and repeated violations of U.S. securities law.

14.     Defendant, ANAND SHAH ("**Shah**") is a citizen of the United States who, at all pertinent times was a citizen of and is domiciled in the state of Florida.  Shah is the Manager of PHP (as defined below). Upon information and belief, Shah: (a) improperly and without legal authority conspired to deprive Silcox of his  interest in Precedent (owned through DRT); (b) actively took part in the Precedent Enterpise conspiracy; and (c) directly or indirectly committed numerous and repeated violations of U.S. securities law.

15.     Defendant, JOSEPH BOLDIGA ("**Boldiga**") is a citizen of the United States who, at all pertinent times was a citizen of and is domiciled in the state of Florida. Boldiga is the Manager of Precedent and purportedly has an ownership interest in Precedent. Upon information and belief, Boldiga: (a) improperly and without legal authority conspired to deprive Silcox of his interest in Precedent (owned through DRT); (b) actively took part in the Precedent Enterpise conspiracy; and (c) directly or indirectly committed numerous and repeated violations of U.S. securities law.

16.     Defendant, STELLA T. GALARIS ("**Mrs. Galaris**") is a licensed attorney admitted to the Florida Bar and is a citizen of the United States who, at all pertinent times was a citizen of and is domiciled in the state of Florida.  Mrs. Galaris is the Manager of Esplanade (as defined below) and purportedly has an ownership interest in Esplanade. Upon information and belief, Mrs. Galaris: (a) improperly and without legal authority conspired to deprive Silcox of his  interest in Precedent (owned through DRT); (b) actively took part in the Precedent Enterpise conspiracy; and (c) directly or indirectly committed numerous and repeated violations of U.S. securities law.

[Shah, Boldiga, and Mrs. Galaris shall hereinafter be collectively referred to as the "**Precedent Members**"].

17.     Defendant, PRECEDENT HOSPITALITY & PROPERTY MANAGEMENT, LLC ("**Precedent**") is a Florida limited liability company. When DRT was formed, Silcox and Rodgers each owned 50% and Silcox was the Manager. Any attempted transfer of Silcox's interest in DRT or removal of Silcox as Manager was without legal authority and void as a matter of law.  At all times relevant hereto, DRT was the 100% owner of Precedent and any attempted transfer of DRT's interest in Precedent (as defined below) or removal of Silcox as Manager was without legal authority and void as a matter of law. Plaintiffs have been wrongfully deprived of the funds earned by Precedent (the "**Precedent Funds**").  Upon information and belief, the Precedent Funds have been used to make multiple investments in or commingled with the funds of the Precedent Affiliates (as defined below).

18.     Defendant, PHP MANAGEMENT SERVICES, LLC, ("**PHP**") is a Florida limited liability company. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of PHP; and (b) PHP has actively participated in the Precedent Enterprise.

19.     Defendant, ESPLANADE EQUITY, LLC ("**Esplanade**") is a Florida limited liability company. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of Esplanade; and (b) Esplanade has actively participated in the Precedent Enterprise.

20.     Defendant, SEAN GALARIS RE, INC., ("**SGRE**") is a Florida corporation. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of SGRE; and (b) SGRE has actively participated in the Precedent Enterprise.

21.     Defendant, 700 ISLAND WAY CAPITAL VENTURES, LLC ("**Island Capital**") is a Florida limited liability company.  Galaris is the Manager of Island Capital. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of Island Way; and (b) Island has directly or indirectly participated in the Precedent Enterprise.

22.     Defendant, CONVERGENCE 53, CORP. ("**Convergence**") is a Florida corporation. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of Convergence; and (b) Convergence has directly or indirectly participated in the Precedent Enterprise; (c) Esplanade is a shareholder in Convergence; and (d) Esplanade is an officer of Convergence.

23.     Defendant, BAYVIEW MANAGEMENT SERVICES, INC. ("**Bayview**") is a Florida corporation. Upon information and belief: (a) the Precedent Funds have been used to pay the Bayview manager's salary; (b) the Precedent Funds have been used to make multiple investments in or commingled with the funds of Bayview; and (c) Bayview has directly or indirectly participated in the Precedent Enterprise.

24.     Defendant, AYDAVA, LLC ("**Aydava**") is a Florida limited liability company. Upon information and belief: (a) Aydava owns an interest in Esplanade; (b) the Precedent Funds have been commingled with the funds of Aydava; and (c) Aydava has directly or indirectly participated in the Precedent Enterprise.

25.     Defendant, KAZ 1, LLC ("**Kaz**") is a Florida limited liability company.  Upon information and belief: (a) Kaz owns an interest in Esplanade; (b) the Precedent Funds have been commingled with the funds of Kaz; and (c) Kaz has directly or indirectly participated in the Precedent Enterprise.

26.     Defendant, PALM INSURANCE MANAGEMENT, LLC ("**Palm**") is a Florida limited liability company. Upon information and belief: (a) the Precedent Funds have been used to make multiple investments in or commingled with the funds of Palm; and (c) Palm has directly or indirectly participated in the Precedent Enterprise.

[PHP, Esplanade, SGRE, Island Capital, Convergence, Bayview, Aydava, Kaz, and Palm shall hereinafter be collectively referred to as the "**Precedent Affiliates**"].

## C.     RICO ENTERPRISE

27.     For purposes of 18 U.S.C. §1962(a) and 18 U.S.C. §1962(b), Defendants acted in furtherance of and constitute the enterprise as defined in 18 U.S.C. §1961(4). Defendants are an association in fact for purposes of these violations and 18 U.S.C. §1961(4) and 18 U.S.C. §1962. The enterprise is engaged in and the activities affect interstate commerce.

28.     For purposes of 18 U.S.C. §1962(c), Defendants jointly and severally constitute the enterprise as defined in 18 U.S.C. §1961(4). Defendants are an association in fact for purposes of these violations and 18 U.S.C. §1961(4) and 18 U.S.C. §1962. The enterprise is engaged in and the activities of which affect interstate commerce.

29.     Defendants are engaged in and their activities affect interstate commerce.

## D.     SALE OF SECURITIES

30.     Defendants are partners or joint venturers or otherwise facilitated an enterprise to sell, develop, finance, market and manage various investment opportunities associated with and doing business under the names of Condominium Associates and Precedent (collectively, the "**Precedent Enterpise**").

31.     Defendants violated federal securities laws through their involvement in and facilitation of the creation, promotion, and operation of the Precedent Enterprise.

32.     Defendants either directly or indirectly engaged in the sale of securities within the meaning of §2 of the Securities Act., 15 U.S.C. 77b.

33.     Rodgers, Gould and BLG through their participation in their attempted fraudulent transfer of Silcox's interest in Precedent (owned through DRT) were involved in the creation, promotion, and operation of the Precedent Enterprise, which offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a). Rodgers, Gould and BLG through their agents and/or partners offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a).

34.     The Precedent Members through their involvement in the creation, promotion, and operation of the Precedent Enterprise, offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a). The Precedent Members, through his agents and/or partners offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a).

35.     Precedent, through its involvement in the creation, promotion, and operation of the Precedent Enterprise, offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a). Precedent, through its agents and/or partners, offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a).

36.     The Precedent Affiliates, through their involvement in the creation, promotion, and operation of the Precedent Enterprise, offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a). The Precedent Affiliates, through their agents and/or partners, offered or sold "securities" within the meaning of Section 12(a) of the Securities Act., 15 U.S.C. §§ 77 l(a).

## II.     FACTUAL BACKGROUND

### A.     LM FUNDING AND BLG

37.     Rodgers and Silcox created the business idea for LM Funding, LLC ("**LMF**"). Rather than Rodgers being an owner in LMF, Rodgers agreed to run BLG at a break-even and agreed that all BLG/LMF income would flow through LMF which was split 50/50 via Rodger's wife, Gould as 50% owner.

38.     In 2008, Silcox and Gould formed LMF through separate entities separately and wholly owned by each of them.  At all times relevant thereto, Silcox and LMF were represented by BLG. Thereafter, BLG remained the captive law firm of LMF and relied upon LMF for more than 95% of its business.

39.     Upon information and belief, Rodgers has at all times remained a principal owner in BLG either directly or indirectly, despite numerous and repeated certifications and representations indicated that he divested himself of all interest in BLG.

40.     At no time during its representation of Silcox did BLG ever advise Silcox to seek or obtain separate legal counsel or ever inform Silcox of any potential conflict of Silcox doing business with Rodgers, a principal owner in BLG while simultaneously being represented by BLG.

### B.     DRT FORMATION AND PURPOSE

41.     Effective January 14, 2013, BLG filed the Articles of Organization for DRT and also acted as its registered agent. [A true and correct copy of the DRT Articles of Organization is attached hereto as Exhibit "**A**"].

42.     DRT was formed by Silcox and Rodgers for the sole purpose of pursuing investment opportunities outside of LMF.  Each member owned a 50% interest and each made an initial capital investment of $75,000.00. Silcox was the only Manager for DRT.

43. Despite representing Silcox and DRT and being responsible for its formation, BLG neglected to create an operating agreement for DRT.

44. DRT was created for the sole purpose of allowing Silcox and Rodgers to pursue investment opportunities outside of LMF.

45. In the end, the only investment by DRT was the formation of Precedent which was 100% owned by DRT.

46. On July 24, 2013, Precedent's Articles of Organization were filed. Precedent was wholly owned by DRT and Silcox was the Manager[1]. [A true and correct copy of Precedent's correspondence to the Internal Revenue Service is attached hereto as Exhibit "**B**" and incorporated herein by reference].

47. Despite representing Silcox and DRT, BLG neglected to create an operating agreement for Precedent.

## C. LM AFFILIATES' CONSPIRACY TO FRAUDULENTLY DEPRIVE SILCOX OF HIS OWNERSHIP INTEREST

48. Effective December 30, 2014, Silcox sold all of his interest in LMF.

49. Effective January 26, 2015, BLG, Rodgers, and Gould (collectively, the "**LM Affiliates**") improperly, without legal authority, fraudulently removed: (a) Silcox as Manager of DRT in the public records and replaced him with Gould; and (b) BLG as registered agent in the public records and replaced it with Community Association Services, LLC. [See Exhibit "**C**" attached hereto and incorporated herein by reference]. The LM Affiliates had no legal authority to perform such actions and therefore such actions are void as a matter of law.

50. Subsequent to the illegal removal of Silcox as Manager of DRT, Defendants engaged in an ongoing scheme to conceal ownership in Precedent and the Precedent Affiliates

---

[1] Contrary to representations filed with the Florida Secretary of State that Craig Caldwell was the Manager.

and defraud Silcox by attempting to deprive him of and/or dilute his ownership interest.

51.     Thereafter, Silcox learned that: (a) Rodgers fraudulently claimed that Silcox sold his interest in DRT and Precedent when he sold his interest in LMF; (b) one of the LM affiliates withdrew over $100,000 from a DRT bank account at Florida Bank without providing Silcox notice or giving him his 50% share.

52.     Effective October 20, 2015, LM Funding America, Inc. ("**LM America**") was registered as a Delaware corporation and later became a publicly traded company.

53.     At no time since going public has LM America ever listed any ownership interest in DRT or Precedent.

54.     Upon information and belief, Rodgers has claimed that he transferred 100% ownership interest in Precedent to Galaris in lieu of $500,00.00 that was due by LM America to Galaris upon his departure.

55.     Upon information and belief, during his time as President and Chairman of the Board for LM America, Rodgers actively concealed the LM Affiliates attempts to fraudulently deprive and/or dilute Silcox's ownership interest.

56.     In June, 2018, Slicox was notified that Galaris was claiming that: (a) DRT never had any ownership interest in Precedent; (b) DRT was only a lender to Precedent; and (c) Rodgers agreed to forgive some of that alleged loan as part of an agreement for Galaris to exit LM America.

57.     As of the date of filing this Complaint, Silcox has made multiple and repeated attempts to obtain documentation and information from Rodgers, Gould, Galaris, Shah, Boldiga, Mrs. Galaris, Precedent, PHP, Esplanade, and SGRE however they have refused to provide any documentation or information of any kind.

58.     As a result, Silcox has been forced to file this action to uncover the true facts behind Precedent and the Precedent Affiliates.

**D.     RACKETEERING ENTERPRISE**

59.     But for the ownership investment by Silcox and Rodgers there would be no Precedent, the Precedent Affiliates, or the Precedent Enterprise.

60.     The entire foundation of the Precedent Enterprise is based upon the original theft from Silcox and its continued and persistent fraudulent concealment by Defendants.

61.     Subsequent to the illegal transfer of Precedent to Galaris by the LM Affiliates, Galaris, Shah, Boldiga, and Mrs. Galaris have used Precedent to either directly or indirectly fund the Precedent Affiliates.

62.     Upon information and belief, Galaris has created a pyramid scheme of interrelated companies in the Precedent Enterprise including, but not limited to the Precedent Affiliates and yet-to-be identified companies affiliated with the Precedent Enterprise with: (a) all of the funds being commingled; (b)  no clear accounting for any of the companies; (c) misuse of all funds attributed to all of the companies; and (d) active and fraudulent misrepresentations made to the Precedent Members and all investors in the Precedent Affiliates or other companies affiliated with Precedent Enterprise.

63.     Upon information and belief, Precedent directly or indirectly owns interest in or otherwise funds the Precedent Affiliates. Unless and until Defendants can provide proof to the contrary, Silcox is forced to maintain his claim for ownership interest in Precedent, each of the Precedent Affiliates, and any companies affiliated with the Precedent Enterprise.

64.     The relevant time period for the racketeering violation complained of herein began during or about January, 2015 and continues until the present and  beyond.

65.     For purposes of 18 U.S.C. §1962(a) and 18 U.S.C. §1962(b), Defendants constitute the enterprise as defined at 18 U.S.C. §1961(4).

66.     For purposes of 18 U.S.C. §1962(c), Defendants jointly and severally constitute the enterprise as defined at 18 U.S.C. §1961(4).

67.     For purposes of 18 U.S.C. §1962(d), each and every one of Defendants are defendants herein.

68.     Through the services they provide, Defendants directly or indirectly have exercised control and direction as to the establishment and operations of the enterprise which engages in and the activities of which affect interstate commerce.

## E.     PATTERN OF RACKETEERING ACTIVITY

69.     A pattern of racketeering arises from at least two acts of racketeering activity, one of which occurred after the enactment of 18 U.S.C, §1961 et. seq. and the other occurring within 10 years of the first violation.

70.     As set forth herein, Defendants have engaged in and continue to engage in a "pattern of racketeering activity" as defined in 18 U.S.C. 1961(5) by committing and conspiring to commit at least two acts of racketeering activities as described herein within the past ten years.

71.     Defendants herein did commit and conspire to commit  acts of racketeering activity ("**Racketeering Activity**") as set out in this complaint that included the follow: violations of 18 U.S.C. §§1341 and 1343 which are mail and wire fraud; violations of 18 U.S.C. §§2314 and 2315 relate to interstate transmitting and transferring of securities and money over $5,000 in interstate and foreign commerce that had been stolen and converted and receipt, possession and concealment of same; and violations of 18 U.S.C. §1951 relates to

interference with commerce via extortion under color of official right. These acts were taken in order to carry out and to attempt to carry out; to conduct and to attempt to conduct; to participate  in and to attempt to participate in; to control and to attempt to control; to establish and to attempt to establish; to operate and to attempt to operate; to participate in the conduct and to attempt to participate in the conduct; to use and invest in the establishment and operation and to attempt to use and invest in the establishment and operation; and to associate with and to attempt to associate with; all of the foregoing with and as to the enterprises described in this complaint.

### F.   **MAIL AND WIRE ACTS OF RACKETEERING  ACTIVITY**

72.     From during and about January, 2015 and continuing until the present, the following acts of wire and mail fraud were committed and constitute Racketeering Activity as defined by 18 U.S.C. §1961(5) and prohibited by 18 U.S.C. §§ 1341 and 1343; all in violation of 18 U.S.C. §1962. These were transmitted in interstate commerce for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations. This Racketeering Activity and the acts committed pursuant thereto resulted, in addition to the over one million dollars of value stolen from Silcox to the loss of the profits therefrom and the ultimate loss of a major portion of the value his asset in the Precedent Enterprise in an amount in excess of $1 million.

73.     From on or about January, 2015 and continuing until the present, Defendants did devise and intend to devise a scheme and artifice to defraud and to obtain money and property from Silcox by depriving Silcox of funds while asserting false and fraudulent pretenses and representations.

74.     Defendants having devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses and

representations, did transmit and cause to be transmitted by interstate wire communications writings, signs, signals, pictures and sounds through email and telephonic transmissions for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations.

75.     Defendants having devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses and representations, did place and cause to be placed mail matter to be sent and delivered by the United States Postal Service.

## G.     INTERSTATE TRANSMISSION AND TRANSFER OF OVER $5,000

76.     From during and about January, 2015 and continuing until the present, the following acts of wire and mail fraud were committed and constitute Racketeering Activity as defined by 18 U.S.C. §1961(5) and prohibited by 18 U.S.C. §§ 2314; all in violation of 18 U.S.C. §1962. These were transmitted in interstate commerce for the purpose  of and as part of the Racketeering  Activity described herein. This Racketeering Activity and the acts committed pursuant thereto resulted, in addition to the  over  one  million  dollars deprived from Silcox and the loss of the profits therefrom and the ultimate loss of a major portion of the value of Silcox's asset in an amount of more than one milliondollars.

77.     From and after 2015 to present, prior to causing the transmission and transfer in interstate commerce, Defendants did intend to convert and steal, securities and funds in an amount greater than five thousand dollars that belonged to Silcox.

78.     From and after 2015 to present, Defendants did cause to be transmitted and transferred in interstate commerce securities and money of a value greater than five thousand dollars, knowing that this money was being converted and stolen by Precedent via the same

transmission and transfer.

79.     From and after 2015 to present, Defendants did intend to convert and  steal, securities and funds in an amount greater than five thousand dollars that was the rightful property of Silcox.

80.     In 2015, and thereafter, Precedent did cause to be transmitted and transferred in interstate commerce securities and money of a value greater than five thousand dollars, knowing that this money was being converted and stolen by Defendants via the same transmission and transfer.

## G.   INTERSTATE RECEIPT AND POSSESSION OF UNLAWFULLY CONVERTED SECURITIES

81.     From during and about 2015 and continuing until the present, the following acts of wire and mail fraud were committed and constitute Racketeering Activity as defined by 18 U.S.C. §1961(5)  and prohibited by 18 U.S.C. §§ 2315; all in violation of 18 U.S.C. §1962. These were transmitted in interstate commerce for the purpose of and as part of the Racketeering Activity described herein. This Racketeering Activity and the acts committed pursuant thereto resulted, in addition to the over one million dollars stolen to the loss of Silcox and the ultimate loss of the profits therefrom and the loss of a major portion of the value of Silcox's asset in an amount in excess of one million dollars.

82.     In 2015 and continuing until present, Defendants did receive,  possess,  and conceal  securities and money, in an amount greater than five thousand dollars, which crossed a State boundary after having been unlawfully converted and taken as set out in this complaint, and Precedent knowing the securities and money to have been unlawfully converted and taken.

### H.   **FRAUDULENT SCHEME-SECURITIES ACT**

83.   Defendants, as partners, agents of each other, or joint venturers, participated in a scheme to defraud Silcox of his money through the sale and exchange of interests in Precedent and each of the Precedent Affiliates.

84.   Relying on numerous and repeated financial misrepresentations by Galaris, the Precedent Members and others yet-to-be identified were induced to invest directly or indirectly in Precedent and the Precedent Affiliates.

85.   Plaintiffs were harmed by this fraudulent scheme because it was his investment and interest in Precedent that was fraudulently being used to fund and support purported financial information for the Precedent Enterprise.

86.   Upon information and belief, Galaris has consistently misrepresented to Rodgers, Silcox, Boldiga, Shah, and Mrs. Galaris every material aspect with respect to the Precedent Enterprise.

### I.   **GENERAL ALLEGATIONS**

87.   All conditions precedent to this action have been waived, performed or have occurred.

88.   Plaintiffs have retained the undersigned counsel in order that his rights and interests may be protected. Silcox is obligated to pay the undersigned a reasonable attorney's fee.

### **COUNT I-VIOLATIONS OF RICO**
#### **PLAINTIFFS V. DEFENDANTS**

89.   This is an action for damages against Defendants for violations of RICO.

90.   Silcox realleges and reavers the allegations in paragraphs 1 through 88 above as if fully set forth herein.

91.     Each of Defendants is a "person" as defined in Title 18 United States Code, section 1961(3).

92.     The Precedent Enterprise is an "enterprise" as defined in Title 18 United States Code, section 1961(4).

93.     Being employed by or associated with an enterprise engaged in, or the activities of which affected, interstate commerce, Defendants participated, directly or indirectly, in the conduct of that enterprise's affairs through a pattern of racketeering activity, to wit; at least two incidents of specified criminal activity in connection with the LM Affiliates' attempted fraudulent conveyance of Silcox's interest in DRT and Precedent to the Precedent Affiliates.

94.     The actions of Defendants involved distinct but interrelated criminal acts. The criminal acts were neither isolated nor sporadic incidents, but were related to each other by virtue of common participants, common victims, common methods of commission, a common purpose and a common result.

95.     Defendants committed at least two such criminal acts from January, 2015 to the date of the filing of this Complaint. The criminal acts included but were not limited to numerous and repeated violations of Title 18 United States Code, section 1341 (mail fraud), and section 1343 (wire fraud).

96.     Having devised and intended to devise a scheme to defraud, and for obtaining money by fraudulent pretenses, representations or promises, one or more of Defendants on more than one occasion from at or around January, 2015 up to and including the date of the filing of this Complaint, and for the purpose of executing or attempting to execute that scheme to defraud, did place, or cause to be placed in an authorized depository, a matter or thing to be sent or delivered by the Postal Service or by a private or commercial carrier. These acts constitute criminal violations of the United States laws prohibiting mail fraud set out in Title 18 United

States Code, section 1341.

97.     Having devised and intended to devise a scheme to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, Defendants on more than one occasion from at or around January, 2015 up to and including the date of the filing of this Complaint, did transmit and cause to be transmitted by wire, communications in interstate commerce. These wire transmissions included writings, signs, signals, pictures, or sounds for the purpose of executing the above referenced scheme to defraud, in violation of Title 18 United States Code, section 1343, which prohibits fraud by wire.

98.     The actions described above constitute an unlawful criminal racketeering activity in violation of Title 18 United States Code, section 1962(c).

99.     Plaintiffs have been injured in their business and property by reason of Defendants' violation of Title 18 United States Code, section 1962(c).

**WHEREFORE,** Plaintiffs demand judgment against Defendants jointly and severally, for damages, including treble damages, prejudgment interest, costs, attorney's fees and such other relief that is just and appropriate.

## COUNT II-RICO CONSPIRACY
### PLAINTIFFS V. DEFENDANTS

100.    This is an action for damages against Defendants for RICO conspiracy.

101.    Plaintiffs reallege and reaver the allegations in paragraphs 1 through 88 above as if fully set forth herein.

102.    From on or about January, 2015 up to and including the date of the filing of this Complaint, Defendants did combine, conspire, confederate, and agree with each other and with other persons unknown, to violate the provisions of Title 18 United States Code, section 1962(c) as set forth herein; all in violation of Title 18 United States Code, section 1962(d).

103.    Plaintiffs were injured in their business or property by reason of Defendants' violation of Title 18 United States Code, section 1962(d) as set forth above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally, for damages, including treble damages, prejudgment interest, costs, attorneys' fees, and such other relief that is just and appropriate.

## COUNT III-SOLICITATION AND SALE OF UNREGISTERED NON-EXEMPT SECURITIES
### PLAINTIFFS V. DEFENDANTS

104.    This is an action for damages against Defendants for solicitation and sale of unregistered non-exempt securities.

105.    Plaintiffs reallege and reaver the allegations in paragraphs 1 through 88 above as if fully set forth herein.

106.    The securities offered for sale and sold by Defendants were not exempt transactions or exempt securities under §§ 3 or 4, of the Securities Act, 15 U.S.C. §§ 77c and 77d, or exempt securities under the Exchange Act, 15 U.S.C. § 78c(a)(12).

107.    The securities offered for sale and sold by Defendants were not registered with the United States Securities Exchange Commission as required by the Securities Act; 15 U.S.C. §§ 77a et seq., in particular § 5, 15 U.S.C. § 77e.

108.    The failure of Defendants to register the securities as required by the Securities Act, and their subsequent offer and sale of the securries in violation of § 5, of the Securities Act, 15 U.S.C. § 77e, was unlawful, and therefore Defendants are jointly and severally liable to Plaintiffs, and each of them in the amount of Plaintiffs' portion of any consideration paid for or credited to any of Defendants for the securities with interest on that amount all in accordance with § 12(a)(1) of the Securities Act, 15 U.S.C. § 771(a)(1).

**WHEREFORE,** Plaintiffs demand judgment in their favor as follows:

(a)     All contracts and obligations associated with the purchase and transfer of interest in the Precedent Enterprise rescinded and set aside;

(b)     For Plaintiffs' portion of any consideration paid for or credited to the securities with interest on that amount;

(c)     For costs incurred in this action and any collection of any judgment Plaintiffs may recover;

(d)     For reasonable attorneys' fees; and

(e)     For any other and further relief as the Court deems just and proper.

## COUNT IV-OFFER AND SALE OF SECURITIES BY MEANS OF PROSPECTUS OR ORAL COMMUNICATION CONTAINING MATERIAL MISREPRESENTATIONS
### PLAINTIFFS V. DEFENDANTS

109.    This is an action for damages against Defendants for offer and sale of securities by means of prospectus or oral communication containing material misrepresentations or omissions.

110.    Plaintiffs reallege and reaver the allegations in paragraphs 1 through 88 above as if fully set forth herein.

111.    Defendants offered for sale and sold securities portions of which were rightfully owned by Plaintiffs by means of a prospectus, or oral communications, which included untrue statements of material facts, or which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

112.    Among these representations and omissions amounting to misrepresentation including, but not limited to, the following:

(a)     The LM Affiliates had any right to convey any intereset in Precedent;

(b)     Gould was authorized to take any action on behalf of DRT as manager;

(c)     DRT had no ownership interest in Precedent or any of the Precedent Affiliates;

(d)     DRT was not entitled to any of the proceeds or value from the Precedent Enterpise; and

(e)     Galaris intended to look out for the best interests of any of the remaining Defendants.

113.    Silcox was given the false sense of security that he had entrusted a $75,000.00 investment in the hands of his attorneys and partners (the LM Affiliates) who would be working in the best interests DRT and Precedent. Silcox's relationship with the LM Affiliates led him to believe that the LM Affiliates and Galaris had the capability to supervise all aspects of his investment.

114.    Galaris misled the Precedent Members by disseminating directly or indirectly other facts which were false and/or omitted to disclose facts which would have been material to their decision to invest in the Precedent Enterprise, which facts and omissions shall be adduced by proof at the trial of this matter.  It is those mispresentations by Galaris that led to the dilution of Plaintiffs' interest in Precedent and the Precedent Affiliates.

115.    It was not until <u>June, 2018</u>, that Silcox discovered from Galaris some of the facts underlying the fraud.

116.    By reason of the above, Defendants and each of them, violated § 12(a)(2) of the Securities Act, 15 USC § 77 l(a)(2), and are jointly and severely liable to Plaintiffs in the amount of the fair market value of their interest in the Precedent Affiliates all in accordance with § 12(a)(2) of the Securities Act, 15 USC § 77 1(a)(2).

**WHEREFORE,** Plaintiffs demand judgment in their favor as follows:

(a)     All contracts and obligations associated with the purchase and transfer of interest in the Precedent Enterprise rescinded and set aside;

(b)     For Plaintiffs' portion of any consideration paid for or credited to the securities with interest on that amount;

(c)     For costs incurred in this action and any collection of any judgment Plaintiffs may recover;

(d)     For reasonable attorneys' fees; <u>and</u>

(e)     For any other and further relief as the Court deems just and proper.

## COUNT V- CONSTRUCTIVE TRUST AND EQUITABLE ACCOUNTING
### PLAINTIFFS V. DEFENDANTS

117.    This is an equitable action for a constructive trust and equitable accounting in favor of Plaintiffs for all of their ownership interest in Precedent, the Precedent Affiliates, and any and all yet-to-be identified companies affiliated with Precedent in the Precedent Enterprise.

118.    Plaintiffs reallege and reaver the allegations in paragraphs 1 through 88 above as if fully set forth herein.

119.    This is an equitable action seeking a determination pursuant to Florida law that Plaintiffs maintain ownership interest in Precedent, the Precedent Affiliates, and any and all yet-to-be identified companies affiliated with Precedent in the Precedent Enterprise, notwithstanding that it is such interest may currently be titled in the name of Rodgers, Gould, Galaris or any of the Precedent Members, is actually held in constructive trust, with beneficial and equitable interest belonging to Plaintiffs.

120.    From 2015 onward, the LM Affiliates took advantage of their confidential relationship with Silcox and their position as Plaintiffs' agent and fiduciary to defraud Plaintiffs. Rather than monitor Galaris' acquisition of and distribution of ownership interest in Precedent, the Precedent Affiliates, and any and all yet-to-be identified companies affiliated with the Precedent Enterprise, and ensure Galaris' fidelity and performance, as the LM Affiliates were required to do, the LM Affiliates concealed from Silcox that Galaris had purportedly taken control of Precedent in exchange for some undislosed consideration to Rodgers. Though Plaintiffs' investigation continues, the value of the interests in the Precedent Enterprise identified to date exceeds $1 million.

121.    Rodgers and Galaris used the funds or ownership interest they fraudulently obtained from Plaintiffs to their own benefit and for Galaris to acquire interest in Precedent and the Precedent Affiliates.

122.    The specific amount of money and ownership interests due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a full and complete accounting of all funds received and transferred by and between Precedent, the Precedent Affiliates, and any and all yet-to-be identified companies affiliated within the Precedent Enterprise.

123.    Plaintiffs believe and allege that the amount due to Plaintiffs exceeds $1 million.

124.    Silcox has requested on a number of occasions an accounting of the aforementioned funds and ownership interests from Rodgers, Gould, Galaris, Shah, Boldiga, Mrs. Galaris, Precedent, PHP, Esplanade, and SGRE, however they have failed and refused, and continue to fail and refuse, to render such an accounting.

125.    Galaris and the Precedent Members would be unjustly enriched if they were allowed to retain possession of Plaintiffs' ownership interest in the Precedent Enterprise. Equity demands the imposition of a constructive trust, and that Plaintiffs be determined beneficial and equitable owners in the Precedent Enterprise.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

(a)     declaring that Plaintiffs' ownership interests in the Precedent Enterprise be held in constructive trust for Plaintiffs' benefit;

(b)     Order a full accounting of all funds received and transferred by and between Precedent, the Precedent Affiliates, and any and all yet-to-be identified companies affiliated with Precedent in the Precedent Enterprise;

(c)     setting aside and annulling the conveyance of all interests in the Precedent Enterprise to Galaris and any of the Precedent Members;

(d)     imposing an equitable lien in favor of Plaintiffs in the Precedent Enterprise in an amount not less than $1 million;

(e)     directing that ownership interest in the Precedent Enterprise be held in constructive trust for Plaintiffs' benefit;

(f)     enjoining or otherwise preventing the transfer or encumbrance of any interest in the Precedent Enterprise;

(g)     awarding Plaintiffs their costs incurred in this action; <u>and</u>

(h)     granting such further relief as the Court deems proper.

## COUNT VI-BREACH OF FIDUCIARY DUTY
### SILCOX V. THE LM AFFILIATES

126.    This is an action by Silcox for damages against the LM Affiliates for breach of fiduciary duty.

127.    Silcox realleges and reavers the allegations in paragraphs 1 through 88 above as if fully set forth herein.

128.    The LM Affiliates owed a fiduciary obligation to Silcox.

129.    By actively participating in or allowing the fraudulent transfer of Silcox's interest in DRT and Precedent to Galaris, the Precedent Members, and/or the Precedent Affiliates, the LM Affiliates breached their fiduciary duty to Silcox.

WHEREFORE, Silcox demands judgment against the LM Affiliates, jointly and severally:

(a)     Awarding Silcox damages including, but not limited to, the amount of money belonging to Silcox that was fraudulently removed from the DRT bank account;

(b)     Awarding Silcox all pre-judgment and post-judgment interest; <u>and</u>

(c)     Awarding Silcox all other relief the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: September 21, 2018

Respectfully Submitted,

/s/ *Jason Sampson*
Jason Sampson
Florida Bar No. 022914
**VENERABLE LAW LLP**
301 W Platt Street, Nº 657
Tampa, Florida 33606
Telephone: (813) 434-0987
Facsimile:  (813) 284-4763
jsampson@venerablelawfirm.com
Counsel for Plaintiffs